UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MAY YAN CHEN d/b/a ABILITY CUSTOMS BROKERS**<br><br>Plaintiff<br><br>-against-<br><br>**EAGLE TRADING USA, LLC, XIYAN ZHANG and SHIPING JIA**<br><br>Defendants | 22-cv-658 (VSB)<br><br>**<u>NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMETN PURSUANT TO FRCP RULE 56 AGAINST DEFENDANTS EAGLE AND  ZHANG</u>** |

SIRS:

   **PLEASE TAKE NOTICE,** that upon the annexed affidavit of May Yan Chen sworn to the 24TH day of May, 2022, the Exhibits attached hereto, the Memorandum of Law in Support of Defendant's motion dated May 24,  2022 and upon all the pleadings and proceedings heretofore had herein, Plaintiff, May Yan Chen, shall move this Court, at the United States Courthouse, located at Courtroom 518, 40 Foley Square, New York, New York 10007 on June 24, 2022 for an order pursuant to FRCP Rule 56 granting Plaintiff partial summary judgment against Eagle Trading USA, LLC, and Xiyan Zhang and for such other and further relief as to this Court may seem just and proper.

   All answering papers shall be filed no later than seven business days prior to the return date.

Dated:  New York, New York
        May 24, 2022

Yours, etc.,
SHAYNE LAW GROUP, P.C.

   _____s/William Shayne_____
By: William Shayne
Attorneys for the Defendants
64 Fulton Street
New York, New York  10038
212-566-4949

To:  Stratum Law LLC (via ECF)
     150 Monument Road Suite 207
     Bala Cynwyd, Pa. 19004
     215-621-8008
     Att: Xiyan Zhang, Esq.
          Pete Wolfgram, Esq.

APPLICATION DENIED
SO ORDERED /s/ Vernon Broderick
VERNON S. BRODERICK
U.S.D.J.   05/26/22

"[A] party against which summary judgment is sought must be afforded a reasonable opportunity to elicit information within the control of h[er] adversaries."  In re Dana Corp., 574 F.3d 129, 149 (2d Cir. 2009).  Because of this, in general, a motion for summary judgment is "premature" where there has not been "a fully adequate opportunity for discovery."  See Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996).  Here, discovery in this action has not commenced, and discovery in the related action before is ongoing.  Accordingly, "the summary judgment motion is now denied as premature, having been filed prior to close of discovery."  G-I Holdings, Inc. v. Baron & Budd, 213 F.R.D. 146, 146–47 (S.D.N.Y. 2003).