UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                   :

MAY YAN CHEN d/b/a ABILITY       :
CUSTOMS BROKERS,                  :
                                   :
                      Plaintiff,   :          22-CV-658 (VSB)
                                   :
           - against -           :       **<u>OPINION & ORDER</u>**
                                   :
                                   :
EAGLE TRADING USA, LLC, XIYAN   :
ZHANG, and SHIPING JIA          :
                                   :
                    Defendants.  :
--------------------------------------------------------X

<u>Appearances</u>:

William Shayne
Shayne Law Group, P.C.
New York, New York

Richard Eric Schrier
Schrier, Fiscella & Sussman, LLC
Garden City, New York
*Counsel for Plaintiff*

Xiyan Zhang
Stratum Law LLC
Philadelphia, Pennsylvania
*Counsel for Defendants*

<u>VERNON S. BRODERICK, United States District Judge</u>:

       Before me is the motion to dismiss the Complaint filed by Plaintiff May Yan Chen

("Chen") against Defendants Eagle Trading USA, LLC ("Eagle"), Xiyan Zhang ("Zhang"), and

Shiping Jia ("Jia," and together with Eagle and Zhang, "Defendants") and to sanction Chen for

filing this action while a substantially similar action involving the same parties and claims

remains pending before me. (Doc. 15.) Because Chen fails to establish subject matter

jurisdiction, the motion to dismiss is GRANTED.  Because the motion for sanctions is

procedurally improper, the motion for sanctions is DENIED.

## I.   <u>Relevant Background</u>[1]

In a separate action before me, *Ameriway Corporation v. Chen*, 19-cv-9407-VSB

(S.D.N.Y.), Ameriway Corporation ("Ameriway"), which is not a party to this action, filed a

complaint against Chen and Ability Customs, Inc. ("Ability").  (19-cv-9407, Doc. 1.)  Ameriway

filed a second amended complaint on January 21, 2020.  (19-cv-9407, Doc. 21.)  Chen and

Ability answered the second amended complaint on May 22, 2020 and asserted counterclaims

against Ameriway.  (19-cv-9407, Doc. 37.)  Chen subsequently filed a third-party complaint

against Eagle, Zhang, and Jia on July 31, 2020, in which she referred to herself as "May Yan

Chen d/b/a/ Ability Customs Brokers."  (19-cv-9407, Doc. 41.)

On December 27, 2021, I filed an Opinion & Order granting a motion to dismiss Chen's

third-party complaint (the "TPC Opinion").  (19-cv-9407, Doc. 81.)  In the TPC Opinion, I

explained that Chen had failed to timely file opposition papers against the motion to dismiss the

third-party complaint and had not attempted "to explain why good cause existed" to extend her

time to oppose the motion.  (TPC Opinion 4–5.)  I determined that I had subject matter

jurisdiction over the third-party complaint only through the supplemental jurisdiction statute, 28

U.S.C. § 1367(a), because the claims asserted in the third-party complaint and Ameriway's

claims against Chen all "ar[o]se from a common nucleus of operative fact."  (*Id.* at 7–8.)  In

---

[1] This factual background is derived from the allegations in Chen's Complaint (Doc. 3 ("Compl.")), as well as from various public filings of which I may properly take judicial notice.  I assume the allegations set forth in the Complaint to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (citation omitted)); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")  However, my references to Chen's allegations should not be construed as a finding as to their veracity, and I make no such findings in this Opinion & Order.

assessing Chen's third-party claims against Eagle on the merits, I held that Chen failed to state claims that could survive a Rule 12(b)(6) motion.  (*Id.* at 8–12.)[2]

On January 25, 2022, Chen filed this action against Defendants, (Doc. 1), and, due to a notice of a deficient pleading generated on this action's docket, she filed the operative Complaint on February 4, 2022, (Doc. 3).  The Complaint, which is 115 pages long (and is 679 pages long when all of its attached exhibits are included), asserts most of the same claims as Chen's third-party complaint in the *Ameriway* action.  (*Compare* Compl. ¶¶ 695–828 (asserting claims for breach of contract, account stated, quantum meruit, piercing Eagle's corporate veil, guaranty of payment, misrepresentation, and fraud in the inducement), *with* 19-cv-9407 Doc. 41 (asserting claims for implied guarantee of payment, guarantee of payment, misrepresentation, fraud in the inducement, declaratory judgment as to Zhang and Jia's individual liability for invoices Chen issued to Eagle, breach of contract, unjust enrichment, and account stated).)  Accordingly, on February 14, 2022, I accepted this action as related to the *Ameriway* action, and the action was assigned to me.

On February 17, 2022, Chen filed waivers of service executed by Defendants.  (Docs. 10–12.)  On April 18, 2022, Defendants filed a motion to dismiss the Complaint and for sanctions on the grounds that Chen "is simply trying to re-file a previously dismissed case." (Doc. 15 at 14.)  On April 28, 2022, I granted Chen an extension until May 24, 2022, to oppose the motion to dismiss.  (Doc. 19.)  On May 25, 2022, Chen filed a motion for partial summary judgment against Defendants along with supporting papers "also . . . made in opposition to Defendants' [motion] to dismiss this case."  (Doc. 20-1.)  I denied the motion for summary

---

[2] Chen thereafter filed a motion to reargue the matters considered in the TPC Opinion or, in the alternative, to consolidate the action with this separate action that Chen filed against the Third-Party Defendants.  For the reasons stated in my April 9, 2024 Opinion & Order, I denied Chen's motion.

judgment as prematurely filed on May 26, 2022.  (Doc. 22.)  On June 1, 2022, Defendants filed a

reply brief on the motion to dismiss.  (Doc. 23.)

## II.   <u>Legal Standards</u>

### A.   *Subject Matter Jurisdiction*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it," *Makarova v.*

*United States*, 201 F.3d 110, 113 (2d Cir. 2000), and a court can raise such an issue to dismiss a

case sua sponte, *see Fountain v. Karim*, 838 F.3d 129, 133 n.5 (2d Cir. 2016).  Although a

district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted

facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party

asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power

and obligation to decide issues of fact by reference to evidence outside the pleadings, such as

affidavits," in which case "the party asserting subject matter jurisdiction has the burden of

proving by a preponderance of the evidence that it exists."  *Tandon v. Captain's Cove Marina of*

*Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citation

omitted).

### B.   *Sanctions Under Rule 11*

Federal Rule of Civil Procedure 11(b)(1) provides that "[b]y presenting to the court a

pleading, written motion, or other paper—whether by signing, filing, submitting, or later

advocating it—an attorney or unrepresented party certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the

circumstances[,] it is not being presented for any improper purpose, such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation."  A pleading or motion violates

Rule 11 if it is "frivolous, legally unreasonable, or factually without foundation, even though not

signed in subjective bad faith." *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002).  Courts have wide discretion in deciding when sanctions are appropriate.  *See Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (stating that "sanctions under Rule 11 are discretionary, not mandatory"); *see also Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) (stating that "the decision whether or not to impose sanctions is a matter for the court's discretion").

Rule 11 sanctions should be granted with caution and applied only when "a particular allegation is utterly lacking in support." *In re Highgate Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002) (citation and internal quotation marks omitted).  Rule 11 sanctions may also be imposed where an attorney's "behavior was 'objectively unreasonable.'" *Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 247 (S.D.N.Y. 2014), *aff'd in part, appeal dismissed in part sub nom. Corsini v. Nast*, 613 F. App'x 1 (2d Cir. 2015) (summary order).

## III.   Discussion

### A.   *Subject Matter Jurisdiction*

Although no party raises the issue of subject matter jurisdiction, I must verify that this action is properly within my jurisdiction.  *Fountain*, 838 F.3d at 133 n.5.

In the *Ameriway* action, I ruled that I did not have diversity of citizenship jurisdiction over Chen's third-party complaint, because

> Chen fails to allege, among other things, facts tending to show that she and all the Third-Party Defendants [who are the Defendants to this action] are citizens of different states. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Indeed, she alleges neither her own citizenship nor that of any of the Third-Party Defendants.  Rather, she pleads that she maintains "offices" in "San Leandro, California," (TPC ¶ 1); that Eagle Trading is a "limited liability company organized under the laws of the State of Delaware," (*id.* ¶ 2); and that Zhang and Jia are among Eagle Trading's members, but does not state their citizenships (*see id.* ¶¶ 7, 9). These allegations are insufficient [to] establish citizenship. *See, e.g.*, *Winslowet-Alps v. Harris*, 20-CV-5358 (LLS), 2020 WL 4719106, at *2 (S.D.N.Y. Aug. 13, 2020) (plaintiff fails to establish citizenship when he "does not plead facts about

where any defendant is domiciled, but" only "lists addresses for himself and one of the defendants in Connecticut"); *Zimak Co. v. Kaplan*, No. 98 CIV. 3176(DAB)NRB, 1999 WL 38256, at *3 (S.D.N.Y. Jan. 28, 1999) ("an averment" of an address "is insufficient for the purpose of establishing defendant's citizenship"); *see also Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership." (citation omitted)).

(TPC Opinion 7.)

Chen's Complaint in this action also does not allege the citizenship of any party. In other words, the Complaint suffers from the identical jurisdictional defect as Chen's third-party complaint. She alleges that she maintains offices in California; where Eagle has offices; that Zhang is a "resident of . . . Pennsylvania;" and that Jia "is not a resident of California." (Compl. ¶¶ 1, 4–5, 8, 13.) "[A]llegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102–03 (2d Cir. 1997); *see, e.g.*, *Clarke v. Fisher-Park Lane Owner LLC*, 19-CV-6471 (VSB), 2022 WL 1468432, at *3 (S.D.N.Y. May 10, 2022) (same); *Hines v. Azoth Inv. SPC Ltd.*, 21-CV-10309 (VSB), 2022 WL 683996, at *2 (S.D.N.Y. Mar. 8, 2022) ("On its face the complaint provides no information about the citizenship of any of the natural persons who are parties to this case."). Chen has thus failed to establish my subject matter jurisdiction over this action.

Moreover, unlike in the *Ameriway* action, I cannot take supplemental jurisdiction over Chen's claims, because there are no claims with an independent basis of federal subject matter jurisdiction "brought in the same action" that "form part of the same case or controversy under Article III of the United States Constitution." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (citing 28 U.S.C. § 1367(a) (internal quotation marks omitted)). Unlike in the *Ameriway* action, the only claims before me in this action are Chen's jurisdictionally deficient claims. I thus do not have subject matter jurisdiction over this case and

it must be dismissed.

### B.   *Sanctions*

"[A] party who re-files an action that is materially identical to an action previously dismissed by a court as being without legal merit is engaging in duplicative litigation that can result in the imposition of monetary sanctions under Rule 11." *Corsini*, 26 F. Supp. 3d at 247 (collecting cases).  However, "[i]n deciding a Rule 11 motion, a district court must adhere to the procedural rules which safeguard due process rights." *Id.* (quoting *Shu Lun Wu v. May Kwan Si, Inc.*, 508 B.R. 606, 614 (S.D.N.Y. 2014)).  This includes that the Rule 11 "motion for sanctions be made separately from any other motion," as well as that "the motion must be served, but it must not be filed or be presented to the court . . . if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service." *Id.* at 247–48.

Defendants have not complied with Rule 11's procedural requirements.  Their motion for sanctions is made in conjunction with their motion to dismiss, not as a separate motion as the Rule requires.  In addition, there is nothing before me suggesting that Defendants abided by Rule 11's 21-day safe harbor provision, which "is a strict procedural requirement." *Star Mark Mgmt, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).  Therefore, Defendants' motion for sanctions must be DENIED.

### IV.   <u>Conclusion</u>

For the foregoing reasons, the motion to dismiss this action is GRANTED, and the motion for sanctions is DENIED.  The Clerk of Court is directed to terminate the open motion at docket entry 15 and to close this action.

SO ORDERED.

Dated: April 9, 2024
        New York, New York

Vernon S. Broderick
United States District Judge